KENNETH R. WILLIAMS, SB No. 73170
Attorney at Law
980 9th Street, 16th Floor
Sacramento, CA 95814
Telephone: (916) 449-9980
Fax: (916) 446-7104

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NO CASINO IN PLYMOUTH, DUEWARD W. CRANFORD II, Dr. ELIDA A. MALICK, JON COLBURN, DAVID LOGAN, WILLIAM BRAUN and CATHERINE COULTER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INDIAN GAMING COMMISSION; JONODEV CHAUDHURI former NIGC Chairman; DEPARTMENT OF INTERIOR; RYAN ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of the Interior and former Solicitor; DONALD E. LAVERDURE former DOI employee; and AMY DUTSCHKE, BIA Pacific Regional Director and member of the Ione Band,<br><br>Defendants. | Case No. 2:18-cv-01398 MCE-CKD<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' NOTICE OF SUBSTITTUION AND TO THE CERTIFICATION OF SCOPE OF FEDERAL EMPLOYMENT** |

Plaintiffs, No Casino In Plymouth, Dueward W. Cranford II, Dr. Elida A. Malick, Jon Colburn, David Logan, William Braun and Catherine Coulter object, and submit this response, to the Notice of Substitution (Court Document (CD) No.

1

9) and the related Certification of Scope of Federal Employment (CD No. 9-1) filed on behalf of the federal individual Defendants, Jonodev Chaudhuri, Ryan Zinke, David Bernhardt, Donald E. Laverdure, and Amy Dutschke, on July 20, 2018.

For the following reasons, Plaintiffs request that the Defendants' Notice of Substitution and Certification of the Scope of Federal Employment be rejected and stricken and that the individual federal Defendants remain as parties and be required to defend their actions, as alleged in the complaint (CD No. 1).

## STATEMENT OF THE CASE

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief in this case on May 22, 2018. (CD No. 1) In addition to the individual federal Defendants listed above, Plaintiffs named the National Indian Gaming Commission (NIGC) and the Department of Interior (DOI). All the individual Defendants are federal employees, officials or former officials and all are sued in their official capacities. Defendants Chaudhuri, Laverdure, and Dutschke are also sued in their personal capacities because, as alleged in the complaint, of the misuse and abuse of their positions in excess of their authority and beyond the scope of their employment.

Plaintiffs' complaint includes seven causes of action: (1) Violation of the Indian Gaming Regulatory Act; (2) Violation of the Appointments Clause of the Constitution; (3) Violation of the Indian Reorganization Act; (4) Violation of tribal recognition regulations (25 CFR Part 83); (5) Violation of the Equal Protection provisions of the Constitution; (6) Violation of the Constitutional principles of

Federalism; and (7) Violations of California's Constitution and Nuisance laws.

On July 20, 2018, Assistant United States Attorney Edward A. Olsen filed the Notice of Substitution pursuant to 28 USC §2679(d) supposedly substituting the United States for all the individual federal Defendants with respect to the Seventh Claim in the complaint only. (CD No. 9)[1]

A Certification of Scope of Federal Employment, signed by David T. Shelledy, Chief of the Civil Division, was filed with the substitution. (CD No. 9-1.) Attorney Shelledy states that he is filing the certification pursuant 28 USC §2679(d) and 28 C.F.R. §15.4 and pursuant to authority delegated to him by the U.S. Attorney. He also says that he "reviewed the Complaint" and, "on the basis of the information now available to me," the individual Defendants "were acting in the scope of their employment at the time of the events giving rise to Claim Seven." (CD No. 9-1, p. 2, ll. 5-7.)  Other than the Complaint, Mr. Shelledy does not describe the "information" he reviewed. Also, 28 C.F.R. §15.4(c) provides that his certification "may be withdrawn if a further evaluation of the relevant facts or the consideration of new or additional evidence calls for such action." It is not final.

Although the substitution and certification are both limited to Claim Seven, neither Mr. Olsen nor Mr. Shelledy attempt to describe Claim Seven.

---

[1] Mr. Olsen also states that, "pursuant to 28 USC §2679(d)" the individual Defendants "are dismissed with prejudice from Claim Seven." This incredible claim is obviously not correct.  Section 2679(d) allows for substitution of parties in specified circumstances. It does not allow for the unilateral dismissal of Defendants "with prejudice" by the attorney who represents those same Defendants. See *In re Murchison,* 349 U.S. 133, 136 (1955) ("[N]o man can judge his own case.")

Claim Seven is the final claim in the complaint. (CD No. 1, pp.43-46.) It incorporates all the prior allegations and claims in the complaint. (CD No. 1, p.43, ¶156.) This includes all the factual allegations, all the prior claims (including three constitutional claims), and all the allegations regarding the role of each individual Defendants (including specific allegations that Defendants Laverdure, Dutschke, and Chaudhuri acted without authority and beyond the scope of their employment).

In addition to incorporating all the prior allegations and claims, Claim Seven adds a claim based on California's Constitution which prohibits Indian casinos in California unless they are operated by "federally recognized tribes on Indian lands in California in accordance with federal law." Cal. Const. Art. 4, Sec. 19(f). Indian casinos that do not meet these Constitutional prerequisites are public and private nuisances in California "which shall be enjoined, abated and prevented, and for which damages may recovered." Cal. Penal Code § 11225.

The final paragraph in Claim Seven in the complaint provides:

> Plaintiffs also seek damages, if appropriate and according to proof, for any injury that has been, or will be, caused, by the notice, construction or operation of the proposed casino and the illegal gambling operations allowed or approved by Defendants. (CD No. 1, p.46, ¶168.)

This final paragraph seeking damages is not limited to Claim Seven. It is incorporated into all the prior claims. (CD No. 1, ¶¶ 96, 109, 121, 130, 139 & 148.) Thus, in addition to declaratory and injunctive relief, Plaintiffs are seeking damages, if appropriate and according to proof, with respect to all seven claims.

## STANDARD OF REVIEW

Section 2679 provides in part that, in a civil action against federal employee or official, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office and employment at the time of the incident out of which the claim arose" the action "shall be deemed an action against the United States" and "the United States shall be substituted as a party defendant." 28 U.S.C. § 2679(d)(1). By regulation, the certification of the scope of employment can also be by the U.S. Attorney or "any Director of the United States of the Torts Branch, Civil Division of the Department of Justice. 28 C.F.R. § 15.4.

The Supreme Court has held that scope-of-employment certifications, for substitution purposes under § 2679(d)(1), are subject to judicial review. *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 434 (1995). And this Circuit had previously held that scope-of-employment certifications should be reviewed de novo. *Meridian International Logistics, Inc. v. United States,* 939 F.2d 740, 745 (9th Cir. 1991).

Thus Mr. Shelledy's certification is not conclusive or entitled to deference. Nor could it be without creating separation of powers and due process problems. *Meridian International,* 939 F.2d at 744. Instead this court must make an "express determination of its own" – de novo - as to whether any defendant, when he allegedly injured the plaintiff, was acting within or beyond the scope of his federal employment. *SJ &W Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1543 (11th Cir. 1990) (quoting *Natsui v. Scannell,* 906 F.2d 802, 808 (1st Cir. 1990)).

# ARGUMENT

**A. The substitution and certification allowed by Section 2679 does not apply to Constitutional claims included and incorporated into Claim Seven.**

Section 2679 specifically provides that its provisions are not applicable "to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Three of the seven claims in the Complaint are for violations of the Constitution.

In the Second Claim, Plaintiffs ask that the Record of Decision (ROD) issued in 2012 by Defendant Laverdure be vacated. The approval of the ROD by Laverdure, who was not appointed by the President nor confirmed by the Senate, violates the Appointments Clause of the Constitution and the Indian Reorganization Act (IRA) - which give exclusive authority to take land into trust to the Secretary of Interior. (Secretary Jewell was still in office when Laverdure issued the ROD.)

In the Fifth Claim, Plaintiffs seek a declaration against the Defendants on the basis that by allowing a casino for a race-based group of Indians which is not a Part 83 recognized tribe and which has no Indian land eligible for gaming under the Indian Gaming Regulatory Act (IGRA) they violated of Plaintiffs' Equal Protection rights. The actions of the Defendants cannot withstand strict scrutiny.

In the Sixth Claim, Plaintiffs seek a declaration against Defendants because their continuing, illicit actions violate Plaintiffs' right to protection from abusive acts by governmental officials under the Constitutional principle of Federalism.

As summarized above, these three Constitutional claims, as well as the three non-constitutional claims, were incorporated into the Seventh Claim. And the Seventh Claim, including the last paragraph seeking damages as appropriate, is incorporated into the other six claims, including the three Constitutional claims.

Defendants have represented to the Court that their substitution and certification apply to the Seventh Claim <u>only</u>. And, even if the Defendants did not intend to limit the substitution and certification to the Seventh Claim, they could not apply to the three constitutional claims listed above. 28 U.S.C. § 2679(b)(2)(A).

In summary, the United States cannot be substituted for the individual federal Defendants with respect to Plaintiffs' Constitutional claims regardless of whether or not their actions were within the scope of their employment. And damages are an appropriate remedy for injuries caused by violations of the Constitution by individual federal employees and officials. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971), *Davis v. Passman,* 442 U.S. 228, 230 (1979), and *Carlson v. Green,* 446 U.S. 14, 18 (1980).

**B. The allegations in the complaint demonstrate that Chaudhuri, Laverdure and Dutschke acted outside the scope of their employment.**

The qualified Certification of Scope of Federal Employment signed by Mr. Shelledy is too generic and insufficient to support the claimed substitution. As noted above, other than the Plaintiffs' Complaint, Mr. Shelledy does not identify the "information" that he reviewed before making his certification. Nor does he

7

discuss, much less try to refute, the allegations in the Complaint. So it is impossible for the Plaintiff or the Court to evaluate that "information" or his analysis. Such generic, qualified certifications by counsel, like information and belief declarations by counsel, are "totally insufficient" to establish any factual issue. *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412-1413 (9th Cir. 1995). See also *Columbia Pictures v. Professional Real Estate Inv.,* 944 F.2d 1525, 1529 (9th Cir. 1991).

The only information referenced by Mr. Shelledy, and available to the Court to evaluate whether or not the individual Defendants were acting within the scope of their employment, are the allegations in the Complaint (CD No. 1.)  And those allegations, which should be accepted as true at this point, establish that Defendants Laverdure, Dutschke, and Chaudhuri abused their authority and consistently acted outside the scope of their employment in an attempt to benefit the newly created Dutschke faction of Ione Indians by approving, allowing, or facilitating the potential construction of the illicit casino on non-Indian land in the middle of the rural Plymouth community and to the detriment of the Plaintiffs.

As alleged in the Complaint, Defendants Laverdure,[2] Dutschke,[3] and

---

[2] The allegations with respect to Defendant Laverdure are in ¶¶ 6, 15, 30, 82-90, 109-120, & 153 of the Complaint (CD No. 1). Defendant Laverdure exceeded his authority as a DOI employee and "acting" assistant Secretary, and usurped the exclusive authority of the Secretary under the IRA, by approving the ROD.

[3] The allegations with respect to Defendant Dutschke are in ¶¶ 6, 15, 29, 60-65, 91, & 153 of the Complaint (CD No. 1). Dutschke abused her authority as BIA Regional Director by creating a new faction (the Dutschke faction) of Ione Indian and approving the fee-to-trust transfer and casino to benefit herself and her family.

Chaudhuri[4] acted outside the scope of their employment and intentionally evaded the rules and the laws, including the mandates of the Constitution, the IRA and IGRA. Their goal was to give fee-to-trust and casino benefits to an unrecognized group of Ione Indians. These actions were not within the scope of the Defendants' employment. Instead they were a clear abuse of the Defendants' limited authority. Mr. Shelledy's certification that the Defendants were acting within the scope of their employment has no basis in fact and cannot support the claimed substitution.

## CONCLUSION

For the reasons outlined above, Plaintiffs request that the Court reject and strike the Notice of Substitution (CD No. 9) and the related Certification of Scope of Federal Employment (CD No. 9-1). Instead, the individual federal Defendants should remain as separate Defendants responsible and liable for any damages to the Plaintiffs caused by their actions, including their Constitutional violations outlined above, as appropriate and according to proof.

Dated:  August 10, 2018

                Respectfully submitted,

                s/ *Kenneth R. Williams*
                KENNETH R. WILLIAMS
                *Attorney for Plaintiffs*

---

[4] The allegations with respect to Defendant Chaudhuri are in ¶¶ 6, 15, 25, 91-93, & 96-108 of the Complaint (CD No. 1). Defendant Chaudhuri exceeded his authority as Chairman of the NIGC when he approved a gaming ordinance on non-Indian land for an unrecognized group of Ione Indians (aka the Dutschke Faction).