JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JUDITH RABINOWITZ
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
Telephone: (415) 744-6486
*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NO CASINO IN PLYMOUTH; DUEWARD W. CRANFORD II, DR. ELIDA A. MALICK; JON COBURN; DAVID LOGAN; WILLIAM BRAUN and CATHERINE COULTER, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL INDIAN GAMING COMMISSION; JONODEV CHAUDHURI, NIGC, NIGC Chairman; THE UNITED STATES DEPARTMENT OF THE INTERIOR; RYAN ZINKE, Secretary of the U.S. Department of Interior; DAVID BERNHARDT, Deputy Secretary of the U.S. Department of Interior; DONALD LAVERDURE; AMY DUTSCHKE, Pacific Regional Director, Bureau of Indian Affairs; and the UNITED STATES; <br><br> Defendants. | 2:18-cv-01398-MCE-CKD <br><br><br> FEDERAL DEFENDANTS' ANSWER |

FEDERAL DEFENDANTS' ANSWER        - 1 -
Case No. 2:18-cv-01398

Defendants the National Indian Gaming Commission ("NIGC"); Jonodev Chaudhuri, NIGC Chairman ("Chairman")[1]; the United States Department of the Interior ("DOI"); Ryan Zinke, Secretary of the Interior ("Secretary"); David Bernhardt, Deputy Secretary of the Interior ("Deputy Secretary"); former Acting Assistant Secretary of the Interior – Indian Affairs Donald E. Laverdure; Amy Dutschke, Pacific Regional Director, Bureau of Indian Affairs (collectively, "Federal Defendants"); through undersigned counsel hereby answer the allegations in No Casino in Plymouth et al. (collectively, "Plaintiffs") Complaint, (ECF No. 1), except for those allegations that pertain to Claim Seven, which is the subject of the *United States' Motion for Partial Dismissal*, ECF No. 15 ("Motion"). As to Claim Seven, the United States has been substituted by operation of 28 U.S.C. § 2679 as the sole defendant in place of Jonodev Chaudhuri, Ryan Zinke, David Bernhardt, Donald E. Laverdure, and Amy Dutschke. *See* ECF No. 9 (Jul. 20, 2018). For those allegations, Federal Defendants withhold answers, as indicated below, pending the resolution of the Motion. For the remaining allegations, Federal Defendants deny any and all such allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein, and the Federal Defendants specifically deny any violation of law. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Complaint.

## **INTRODUCTION**

1.     The first sentence of Paragraph 1 is a characterization of the relief Plaintiffs seek to which no response is required. The remainder of Paragraph 1 consists of legal conclusions and

---

[1] Jonodev Chaudhuri is the current Chairman of the NIGC. Plaintiffs' refer to him as former NIGC Chairman.

argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

2.      The first sentence of Paragraph 2 is a characterization of the relief Plaintiffs seek to which no response is required. The second sentence of Paragraph 2 consists of Plaintiffs' characterizations of a May 24, 2012 Record of Decision ("ROD") and Plaintiffs' argument to which no response is required. The ROD speaks for itself and is the best evidence of its contents. The remainder of Paragraph 2 consists of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

3.      The first sentence of Paragraph 3 is a characterization of the relief Plaintiffs seek to which no response is required. The remainder of Paragraph 3 makes vague reference to "1933-1934 DOI determinations" for which Federal Defendants lack information sufficient to form a belief as to the truth of such allegations, and thus, Federal Defendants deny the allegations.

4.      The first sentence of Paragraph 4 is a characterization of the relief Plaintiffs seek to which no response is required. The second and third sentences of Paragraph 4 consist of Plaintiffs' characterizations of "*Ione Band v. Burris/DOI* (U.S. District Court, ED Cal. No. CIV-S-90-0993)," which speaks for itself and is the best evidence of its contents. The last sentence of Paragraph 4 consists of Plaintiffs' legal conclusion and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

5.      The first sentence of Paragraph 5 is a characterization of the relief Plaintiffs seek to which no response is required. The remainder of Paragraph 5 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6.      The first sentence of Paragraph 6 is a characterization of the relief Plaintiffs seek to which no response is required. The remainder of Paragraph 6 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

7.      The first sentence of Paragraph 7 is a characterization of the relief Plaintiffs seek to which no response is required. The remainder of Paragraph 7 consists of Plaintiffs' legal conclusions and argument, as well as requests for damages, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

8.      Paragraph 8 consists of Plaintiffs' legal conclusions regarding jurisdiction to which no response is required.

9.      Federal Defendants admit the allegations in Paragraph 9.

10.     Federal Defendants admit the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 consist of Plaintiffs' legal conclusions regarding venue to which no response is required.

12.     Federal Defendants lack information sufficient to form a belief as to the truth of Plaintiffs' residency allegations in paragraph 12, and on this basis deny those allegations. Federal Defendants admit that the subject property is within the Eastern District.

## STANDING

13.     Paragraph 13 consists of Plaintiffs' legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal

FEDERAL DEFENDANTS' ANSWER          - 4 -
Case No. 2:18-cv-01398

Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

14.     The first sentence of Paragraph 14 consists of Plaintiffs' legal conclusions and argument to which no response is required. The second and third sentences of paragraph 14 consist of characterizations of *Morton v. Mancari*, 417 U.S. 535 (1974), which speaks for itself and is the best evidence of its contents. The remainder of Paragraph 14 consists of Plaintiffs' legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

15.     The first sentence of Paragraph 15 Federal Defendants consists of Plaintiffs' legal conclusions and argument, to which no response is required. To the extent a response is required, Defendants deny the allegations. The second sentence of Paragraph 15 consists of Plaintiffs' vague characterizations of "the federalist system" and an "ever growing administrative state" to which no response is required. To the extent a response is required, Defendants deny the allegations. The remainder of Paragraph 15 consists of Plaintiffs' legal conclusions and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

16.     The first and second sentences of Paragraph 16 consist, in part, of Plaintiffs' allegations regarding their residency. Federal Defendants lack information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' residency, and on this basis deny the allegations. The remainder of Paragraph 16 consists of Plaintiffs' legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

17.     The first sentence of Paragraph 17 consists of Plaintiffs' legal conclusions and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The last sentence of Paragraph 17 consists of Plaintiffs' characterization of this action and its effect on Plaintiffs' right to assert separate claims to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

### Plaintiffs

18.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in the first through the fifth sentences of Paragraph 18, and on this basis deny the allegations. The last sentence of Paragraph 18 is a characterization of the relief Plaintiffs seek to which no response is required.

19.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on this basis deny the allegations.

20.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on this basis deny the allegations.

21.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on this basis deny the allegations.

22.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on this basis deny the allegations.

23.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on this basis deny the allegations.

**Defendants**

24.     The first sentence of Paragraph 24 consists of Plaintiffs' subjective characterizations of the NIGC, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants aver that the NIGC is a federal regulatory agency within DOI that, *inter alia*, is authorized to enforce the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* ("IGRA") and its related regulations codified at 25 C.F.R. Part 292. The last sentence consists of Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25.     The first sentence of Paragraph 25 consists of Plaintiffs' subjective characterizations of the authority IGRA confers on the NIGC Chairman Chaudhuri to which no response is required. To the extent a response is required, Defendants deny the allegations. Federal Defendants aver that Jonodev Chaudhuri currently serves as Chairman of the NIGC. The second sentence of paragraph 25 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The last sentence of paragraph 25 consists of Plaintiffs' characterization of this action to which no response is required.

26.     Federal Defendants admit the first sentence of paragraph 26. The second sentence of paragraph 26 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations.

27.     Federal Defendants deny the allegations in the first sentence of paragraph 27, except admit that Ryan Zinke was appointed, confirmed and serves as the Secretary of the Interior with multiple responsibilities within the DOI. Federal Defendants aver that Kenneth Salazar was Secretary of the Interior at the time the ROD was issued, and further aver that Sally Jewell

served as Secretary of the Interior from April 12, 2013 until her resignation on January 20, 2017. The remaining allegations in the second sentence of Paragraph 27 consist of Plaintiffs' subjective characterizations of this action to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

28.     Federal Defendants deny the allegations in the first two sentences of paragraph 28 except admit that David Bernhardt was appointed, confirmed and currently serves as the Deputy Secretary of the Interior and exercises authority delegated by the Secretary of the Interior. Federal Defendants deny the allegations in the third sentence of Paragraph 28 except admit that Mr. Bernhardt formerly served as the Solicitor of the Department of the Interior. The fourth sentence of Paragraph 28 consists of Plaintiffs' characterizations of this action to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

29.     Federal Defendants admit that Defendant Dutschke serves as the Pacific Regional Director of the Bureau of Indian Affairs ("BIA"). The second, third, and fourth sentences of Paragraph 29 consist of vague, non-specific allegations for which Federal Defendants lack information sufficient to form a belief as to their truth. Accordingly, Federal Defendants deny the allegations. The fifth sentence of Paragraph 29 consists of Plaintiffs' characterizations of this action to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants aver that Ms. Dutschke is an enrolled member of the federally recognized Indian tribe, the Ione Band of Miwok Indians ("Ione Band"), and further aver that in her official capacity as BIA Pacific Regional Director, Ms. Dutschke has been recused from the agency process that led to the issuance of the ROD, recused thereafter from

matters concerning the Ione Band, and had no role in NIGC's 2018 approval of the Ione Band's gaming ordinance.

30.     Federal Defendants deny the allegations in the first three sentences of Paragraph 30 except admit that Donald E. Laverdure served as Acting Assistant Secretary – Indian Affairs after Larry Echo Hawk resigned in 2012. The fourth and sixth sentences of Paragraph 30 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the fifth sentence of Paragraph 30. The final sentence of Paragraph 30 consists of Plaintiffs' characterizations of this action to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## STATEMENT OF FACTS

31.     Federal Defendants admit the allegations set forth in Paragraph 31.

32.     Paragraph 32 consists of Plaintiffs' characterization of section 5 of the Indian Reorganization Act ("IRA"), codified at 25 U.S.C. § 5108, which speaks for itself and is the best evidence of its contents.

33.     Paragraph 33 consists of Plaintiffs' characterization of section 19 of the IRA, codified at 25 U.S.C. § 5129, which speaks for itself and is the best evidence of its contents.

34.     Federal Defendants aver that in 1934, the Ione Band was recognized and under federal jurisdiction and not residing on a reservation. To the extent Plaintiffs' allegations in Paragraph 34 contradict these facts, Federal Defendants deny such allegations.

35.     The allegations in Paragraph 35 consist of Plaintiffs' characterizations of an August 15, 1933 letter by O.H. Lipps, which speaks for itself and is the best evidence of its contents. To the

FEDERAL DEFENDANTS' ANSWER          - 9 -
Case No. 2:18-cv-01398

extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

36.     The allegations in Paragraph 36 consist of Plaintiffs' characterizations of an August 21, 1933 letter by Commissioner of Indian Affairs John Collier, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

37.     Federal Defendants deny the allegations in Paragraph 37.

38.     The allegations in the first sentence of Paragraph 38 make vague reference to "1933 and 1934 determinations by the DOI" for which Federal Defendants lack information sufficient to form a belief as to the truth of such allegations, and thus Federal Defendants deny the allegations. Federal Defendants deny the remainder of the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

40.     Federal Defendants admit the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 consists of Plaintiffs' legal conclusions and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

42.     Federal Defendants aver that in 1979, DOI published a list of pending applications for federal recognition, and further aver that DOI placed the Ione Band on such list. Federal Defendants also aver that the Ione Band thereafter communicated with DOI concerning such application, including providing documentation to DOI in connection with such application. To

the extent Plaintiffs' allegations in Paragraph 42 contradict these facts, Federal Defendants deny such allegations.

43.     Federal Defendants aver that the Ione Band was federally recognized before the 1978 promulgation of the administrative acknowledgment procedures at 25 C.F.R. Part 83 ("Part 83"). Federal Defendants further aver that the United States reaffirmed the Ione Band's federally recognized status in 1994 outside the Part 83 process. To the extent that Plaintiffs' allegations in the first two sentences of Paragraph 43 contradict these facts, Federal Defendants deny the allegations. The remainder of the allegations in Paragraph 43 consist of subjective legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

44.     The allegations in Paragraph 44 consist of Plaintiffs' subjective characterizations of the IGRA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

45.     The allegations in the first sentence of Paragraph 45 consist of Plaintiffs' characterizations of the IGRA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent therewith, Federal Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 45 consist of legal conclusions and arguments to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

46.     The allegations in the first sentence of Paragraph 46 consist of Plaintiffs' characterizations of the IGRA, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants

FEDERAL DEFENDANTS' ANSWER          - 11 -
Case No. 2:18-cv-01398

deny the allegations. The allegations in the second sentence of Paragraph 46 consist of Plaintiffs' legal conclusions and arguments to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

47.    The allegations in Paragraph 47 consist of characterizations of an April 1989 letter from Glen A. Villa, Sr., which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

48.    The allegations in Paragraph 48 consist of characterizations of a January 1990 letter from Harold Burris, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

49.    The allegations in Paragraph 49 consist of vague characterizations of unidentified actions Federal Defendants took in connection with or in response to letters from Mr. Villa and Mr. Burris. Federal Defendants admit and aver that in or after 1979, DOI took the position that the Ione Band had to complete the administrative process for reestablishing federal recognition set forth at 25 C.F.R. Part 83 ("Part 83"). Federal Defendants admit and aver that DOI reversed this position no later than 1994, when former Assistant Secretary – Indian Affairs Ada Deer concluded that the Ione Band did not need to complete the administrative process under Part 83 to reestablish its federally recognized status. To the extent Plaintiffs' allegations in Paragraph 49 contradict these facts, Federal Defendants deny such allegations.

50.    The allegations in Paragraph 50 consist of Plaintiffs' characterizations of *Ione Band v. Burris/DOI*, which speaks for itself and is the best evidence of its contents. To the extent

Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

51.     The first sentence of Paragraph 51 consists of legal conclusions and argument to which not response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants aver that the Department listed the Ione Band on a register of petitioners seeking federal acknowledgment in 1979. To the extent Plaintiffs' allegations in the second sentence of Paragraph 51 contradict these facts, Federal Defendants deny such allegations. Federal Defendants admit that the Ione Band was not reaffirmed separate from the Part 83 procedures.

52.     The allegations in Paragraph 52 consist of Plaintiffs' subjective characterizations of filings in *Ione Band v. Burris/DOI*, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

53.     The allegations in Paragraph 53 consist of Plaintiffs' subjective characterizations of the April 2, 1992 decision in *Ione Band v. Burris/DOI*, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

54.     The first sentence of paragraph 54 consists of Plaintiffs' subjective characterizations and argument regarding the April 2, 1991 decision in *Ione Band v. Burris/DOI*, to which no response is required. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. Federal Defendants aver that the Department listed the Ione Band on a register of petitioners seeking federal acknowledgment in 1979. To the extent

FEDERAL DEFENDANTS' ANSWER          - 13 -
Case No. 2:18-cv-01398

Plaintiffs' allegations in the second sentence of Paragraph 54 contradict these facts, Federal Defendants deny such allegations.

55.     Federal Defendants deny the allegations in the first sentence of Paragraph 55 except admit that on February 25, 1994, DOI amended the Part 83 regulations. 59 Fed. Reg. 9280 (Feb. 25, 1994). The second sentence of Paragraph 55 consists of Plaintiffs' subjective characterizations of Part 83, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The last sentence of Paragraph 55 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

56.     The allegations in the first sentence of Paragraph 56 consist of Plaintiffs' characterizations of Part 83, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The second sentence of Paragraph 56 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

57.     Federal Defendants deny the allegations in the first sentence of Paragraph 57 except admit that Congress enacted the Federally Recognized Indian Tribe List Act of 1994 on November 2, 1994 ("1994 List Act"). 108 Stat. 4791. The allegations in the second sentence of Paragraph 57 consist of characterizations of the 1994 List Act, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The last sentence of paragraph

FEDERAL DEFENDANTS' ANSWER          - 14 -
Case No. 2:18-cv-01398

57 consists of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

58.     The first sentence of Paragraph 58 consists of characterizations of a September 1996 decision in *Ione Band v. Burris/DOI*, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The second sentence of Paragraph 58 consists of legal conclusions and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

59.     The allegations in Paragraph 59 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

60.     Paragraph 60 consists of vague, non-specific allegations for which Federal Defendants lack information sufficient to form a belief as to their truth. Accordingly, Federal Defendants deny the allegations. Federal Defendants aver that Ms. Dutschke, in her role as BIA Pacific Regional Director, is recused from agency matters involving the Ione Band. To the extent the allegations in Paragraph 60 comprise a collateral attack on an unidentified agency decision made in or around 2002, Federal Defendants aver that such attack is barred by the six-year statute of limitations applicable to Administrative Procedure Act, 5 U.S.C. §§ 701-06, challenges.

61.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on this basis deny the allegations.

62.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on this basis deny the allegations. To the extent the allegations in Paragraph 62 concern the Ione Band's actions, Federal Defendants admit that the Ione Band in

or around 2003 began the process for preparing an application for submission to the DOI to accept land in Plymouth, California ("Property") in trust for the purpose of developing a casino and related infrastructure.

63.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on this basis deny the allegations.

64.     Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on this basis deny the allegations.

65.     Paragraph 65 consists of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

66.     To the extent the allegations in the first sentence of Paragraph 66 concern a 2003 letter from Elida Malick in connection with the Ione Band, such letter speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. To the extent the allegations in the first sentence of Paragraph 66 concern a different letter, Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 66 and on this basis deny the allegations. The allegations in the second sentence of Paragraph 65 consist of Plaintiffs' subjective characterizations of their conduct over the last 15 years to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

67.     Federal Defendants admit the allegations in the first sentence of Paragraph 67. The second sentence of Paragraph 67 consists of Plaintiffs' characterization of 302 DM 3.2, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The remainder of

Paragraph 67 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

68.     Federal Defendants deny the allegations in the first sentence of Paragraph 68 except admit that in 2004 the Ione Band requested a determination whether certain lands, if taken into trust, would qualify as "Indian lands" pursuant to the IGRA. Federal Defendants deny the allegations in the second sentence of Paragraph 24 except admit that the NIGC has not issued an Indian lands opinion in connection with the Property. Federal Defendants aver that the NIGC concurred in the Indian lands opinion for the Property prepared by DOI's Solicitor's Office.

69.     Federal Defendants admit the allegations in the first sentence of Paragraph 69. The remaining allegations in Paragraph 69 consist of Plaintiffs' subjective characterizations of Ms. Coleman's testimony, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

70.     The allegations in the first sentence of Paragraph 70 consist of characterizations of a September 19, 2006 legal memorandum prepared by former DOI Associate Solicitor Carl J. Artman, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with such document, Federal Defendants deny the allegations. Federal Defendants aver that former Associate Deputy Secretary James Cason accepted the analysis in Mr. Artman's 2006 legal memorandum, making it the official position of DOI. The remainder of Paragraph 70 consists of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

71.     Federal Defendants admit the allegations in the first sentence of Paragraph 71. The remainder of Paragraph 71 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

72.     Federal Defendants deny the allegations in Paragraph 72 except admit that 25 C.F.R. § 292.26 was included in the Part 292 regulations ("Part 292") in response to public comments. *See* 73 Fed. Reg. 29375, 29732 (May 20, 2008).

73.     Federal Defendants deny the allegations in Paragraph 73 except admit that the BIA published a notice of availability of a Draft Environmental Impact Statement pursuant to the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* in connection with the Ione Band's application to have the Property acquired in trust for gaming and other purposes. 73 Fed. Reg. 21150 (Apr. 18, 2008).

74.     Federal Defendants admit the allegations in Paragraph 74.

75.     The allegations in the first sentence of Paragraph 75 consist of Plaintiffs' subjective characterizations of Part 292, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with Part 292, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 75 except admit that Section 292.26 was included in the Part 292 regulations in response to public comments. *See* 73 Fed. Reg. 29375, 29732 (May 20, 2008). The remaining allegations in Paragraph 75 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

76.     The allegations in Paragraph 76 consist of Plaintiffs' subjective legal conclusions and argument, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

77.     The allegations in the first and third sentences of Paragraph 77 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The remainder of Paragraph 77 consists of Plaintiffs' characterizations of a 2009 letter from former Solicitor David Bernhardt, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. Federal Defendants aver that in 2011, former Solicitor Hilary Tompkins concluded that former Solicitor Bernhardt's letter did not have the effect of withdrawing the 2006 Artman memorandum.

78.     Federal Defendants admit the allegations in the first sentence of Paragraph 78. The remainder of Paragraph 78 consists of Plaintiffs' characterizations of the Supreme Court decision, *Carcieri v. Salazar*, 555 U.S. 379 (2009), which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

79.     The allegations in Paragraph 79 consist of Plaintiffs' characterizations of the *Carcieri* decision which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

80.     The allegations in Paragraph 80 consist of Plaintiffs' characterizations of the *Carcieri* decision which speaks for itself and is the best evidence of its contents. To the extent the

FEDERAL DEFENDANTS' ANSWER          - 19 -
Case No. 2:18-cv-01398

characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

81.     Federal Defendants admit the allegations in Paragraph 81.

82.     Federal Defendants admit the allegations in the first sentence of Paragraph 82. The remaining allegations of Paragraph 82 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

83.     Federal Defendants deny the allegations in the first sentence of Paragraph 83. The allegations in the second, third, and fourth sentences of Paragraph 83 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the fifth sentence of Paragraph 83, except admit that the DOI Solicitor is appointed by the President and confirmed by the Senate.

84.     The allegations in Paragraph 84 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants aver that Kenneth Salazar was Secretary of the Interior at the time the ROD was issued, and further aver that Sally Jewell served as Secretary of the Interior from April 12, 2013 until her resignation on January 20, 2017. Federal Defendants further aver that, consistent with the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, and the Appointments Clause of the United States Constitution, former Principal Deputy Assistant Secretary – Indian Affairs Donald Laverdure, as "first assistant" to the Assistant Secretary, automatically became Acting Assistant Secretary – Indian Affairs when Mr. Echo Hawk

resigned. Federal Defendants also aver that, at the time Mr. Laverdure issued the ROD, he was vested with the full authority of the Assistant Secretary – Indian Affairs to do so.

85.     Federal Defendants admit that Defendant Laverdure issued the ROD on May 24, 2012. The remaining allegations in Paragraph 85 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 85 also consist of characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

86.     The allegations in Paragraph 86 consist of Plaintiffs' characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

87.     The allegations in Paragraph 87 consist of Plaintiffs' characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

88.     The allegations in the first sentence of Paragraph 87 consist of Plaintiffs' characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 88 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

89.     The allegations in Paragraph 89 consist of Plaintiffs' characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations

are incomplete or inconsistent therewith, Federal Defendants deny the allegations. To the extent the allegations in Paragraph 89 consist of legal conclusions and argument, no response is required. To the extent a response is required, Federal Defendants deny the allegations.

90.    The first sentence of Paragraph 90 consists of Plaintiffs' characterizations of the ROD, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The remaining allegations in Paragraph 90 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

91.    Federal Defendants admit the allegations in the first sentence of Paragraph 91, and Federal Defendants admit and aver that Defendant Chaudhuri, as NIGC Chairman, sent the letter approving the Ione Band's gaming ordinance to Acting Tribal Chairperson Tracy Tripp. To the extent Plaintiffs' allegations in Paragraph 91 contradict these facts, Federal Defendants deny such allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 91 except admit that the gaming ordinance was submitted by letter from the Ione Band dated February 9, 2018, and that the Tribal resolution adopting the ordinance was certified by Tracy Tripp, Acting Tribal Chairperson, and Sara Dutschke Setshwaelo, Tribal Secretary. The allegations in the last sentence of Paragraph 91 consist of Plaintiffs' legal conclusion and arguments to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

92.    The allegations in the first sentence of Paragraph 92 consist of Plaintiffs' characterizations of Defendant Chaudhuri's March 6, 2018 letter, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or

inconsistent therewith, Federal Defendants deny the allegations. Federal Defendants admit that Defendant Chaudhuri's March 6, 2018 approval of the Ione Band's gaming ordinance did not reference Indian lands. Federal Defendants aver that an Indian tribe is not required to have gaming-eligible Indian lands under IGRA prior to submitting a gaming ordinance to NIGC, nor is gaming-eligible Indian lands a pre-requisite for NIGC to approve a gaming ordinance.

93.     The allegations in Paragraph 93 consist of Plaintiffs' argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 93 also consist of characterizations of a 2009 letter from former Solicitor Bernhardt, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

94.     Federal Defendants admit that the Property that is the subject of the ROD has not yet been acquired in trust for the Ione Band. Federal Defendants lack information sufficient to form a belief as to the truth of the allegation regarding the current ownership of the parcels and on this basis deny the allegations.

95.     The allegations in Paragraph 95 consist of Plaintiffs' characterizations of the IGRA, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with the IGRA, they are denied. The remainder of the allegations in Paragraph 95 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**FIRST CLAIM FOR RELIEF**

96.     Federal Defendants incorporate by reference their responses to Paragraphs 1 through 95 as if fully set forth herein.

FEDERAL DEFENDANTS' ANSWER          - 23 -
Case No. 2:18-cv-01398

97.     The allegations in Paragraph 97 consist of Plaintiffs' characterizations of the IGRA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

98.     The allegations in Paragraph 98 consist of Plaintiffs' legal conclusions and arguments to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

99.     Federal Defendants deny the allegations in Paragraph 99, except admit that in 2004, the Ione Band requested a determination whether the Property, if taken into trust, would qualify as "Indian lands" pursuant to the IGRA.

100.    Federal Defendants admit the allegations in Paragraph 100 and aver that, consistent with its practice at the time, the NIGC concurred in the 2006 Artman memorandum and further aver that the NIGC is not authorized to evaluate applications for federal recognition under Part 83.

101.    The allegations in Paragraph 101 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

102.    The allegations in the first and third sentences of Paragraph 102 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack information sufficient to form a belief as to the truth of the allegations regarding the allegations in the second sentence of Paragraph 102, and on this basis deny the allegations.

103.    The allegations in the first sentence of Paragraph 103 consist of Plaintiffs' legal conclusions and arguments to which no response is required. To the extent a response is

required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 103, except aver that NIGC concurred in the 2006 Artman memorandum, which opined that the Property once in trust would be eligible for gaming.

104.    The allegations in Paragraph 104 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit that the NIGC's approval of the Ione Band's gaming ordinance was not published in the Federal Register.

105.    Federal Defendants deny the allegation in Paragraph 105 that the Ione Band is not a federally recognized Indian tribe. *See County of Amador v. United States Dep't of Interior*, 872 F.3d 1012, 1028-31 (9th Cir. 2017) (rejecting the argument that the Ione Band is not a federally recognized Indian tribe and holding that the Tribe is eligible to have land taken into trust on its behalf; and that DOI did not err in its determination that, once in trust, the Property will be eligible for gaming under the IGRA), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Apr. 11, 2018) (No. 17-1432)). Federal Defendants aver that the Ione Band is a federally recognized Indian tribe and that once in trust the Property is eligible for gaming under IGRA. Federal Defendants lack information sufficient to form a belief as to the truth of the allegations in Paragraph 105 regarding what other lands the Ione Band may or may not own, and on this basis denies the allegations.

106.    The allegations in the first and second sentences of Paragraph 106 consist of Plaintiffs' legal conclusions and arguments to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The last sentence of Paragraph 106 consists of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

FEDERAL DEFENDANTS' ANSWER          - 25 -
Case No. 2:18-cv-01398

107.     The allegations in the first sentence of Paragraph 107 consist of characterizations of the Declaratory Relief Judgment Act, 28 U.S.C. § 2201, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The last sentence of Paragraph 107 consists of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

108.     The allegations in Paragraph 108 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**

109.     Federal Defendants incorporate by reference their responses to Paragraphs 1 through 108 as if fully set forth herein.

110.     The allegations in Paragraph 110 consist of Plaintiffs' characterizations of the Appointments Clause of the United States Constitution, which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with the Appointments Clause, Federal Defendants deny the allegations.

111.     The allegations in Paragraph 111 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

112.     The allegations in Paragraph 112 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

FEDERAL DEFENDANTS' ANSWER          - 26 -
Case No. 2:18-cv-01398

113.    The allegations in Paragraph 113 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

114.    The allegations in Paragraph 114 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

115.    The allegations in Paragraph 115 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants aver that Kenneth Salazar was Secretary of the Interior at the time the ROD was issued, and further aver that Sally Jewell served as Secretary of the Interior from April 12, 2013 until her resignation on January 20, 2017.

116.    The allegations in Paragraph 116 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

117.    The allegations in Paragraph 117 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

118.    The allegations in Paragraph 118 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

119.    The allegations in Paragraph 119 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

120.     Paragraph 120 consists of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

**THIRD CLAIM FOR RELIEF**

121.     Federal Defendants incorporate by reference their responses to Paragraphs 1 through 120 as if fully set forth herein.

122.     The allegations in the first sentence of Paragraph 122 consist of Plaintiffs' characterizations of the IRA which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with the IRA, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 122.

123.     The allegations in Paragraph 123 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in Paragraph 123 also consist of characterizations of unspecified correspondence sent from or received by former Commissioner of Indian Affairs John Collier and Superintendent O.H. Lipps, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

124.     The allegations in Paragraph 124 consist of vague, non-specific allegations concerning classifications or invitations for which Federal Defendants lack information sufficient to form a

belief as to their truth. Accordingly, Federal Defendants deny the allegations. Federal Defendants aver that no "1934 list of tribes covered by the IRA" exists.

125.    Federal Defendants deny the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

127.    Federal Defendants deny the allegations in the first sentence of Paragraph 127. The allegations in the remaining sentences of Paragraph 127 consist of Plaintiffs' legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

128.    The allegations in Paragraph 128 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

129.    The allegations in Paragraph 129 consist of Plaintiffs' characterizations of the various forms of relief sought, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

**FOURTH CLAIM FOR RELIEF**

130.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 129 as if fully set forth herein.

FEDERAL DEFENDANTS' ANSWER           - 29 -
Case No. 2:18-cv-01398

131.     The allegations in Paragraph 131 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

132.     The allegations in Paragraph 132 consist of Plaintiffs' characterizations of the decision in *Timbisha Shoshone Tribe v. DOI*, 824 F.3d 807, 809 (9th Cir. 2016), which speaks for itself and is the best evidence of its contents. To the extent the characterizations are incomplete or inconsistent with the decision, Federal Defendants deny the allegations.

133.     The first sentences of Paragraph 133 consists of Plaintiffs' characterizations of the decision in *Ione Band v. Burris/DOI*, which speaks for itself and is the best evidence of its contents. Federal Defendants admit that the 1996 final judgment in *Ione Band v. Burris/DOI* was not appealed. The allegations in the second and third sentences consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

134.     Federal Defendants deny the allegations in Paragraph 134 and aver that the United States reaffirmed the Ione Band's federal recognition in 1994.

135.     The allegations in Paragraph 135 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

136.     The allegations in Paragraph 136 consist of Plaintiffs' legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

137.     The allegations in Paragraph 137 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

138.    The allegations in Paragraph 138 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF

139.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 138 as if fully set forth herein.

140.    The allegations in Paragraph 140 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

141.    The allegations in the first sentence of Paragraph 141 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 141 consist of Plaintiffs' characterization of *Adarand v. Pena*, 515 U.S. 200 (1995), which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations.

142.    The allegations in Paragraph 142 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

143.    The allegations in Paragraph 143 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

144.    Federal Defendants deny the allegations in Paragraph 144 except admit and aver that Congress in the exercise of its plenary authority over Indian affairs made statutory benefits under the IRA and the IGRA generally available only to federally recognized tribes, including the Ione Band. *See* U.S. Dep't of the Interior, Bureau of Indian Affairs, Indian Entities Recognized and Eligible To Receive Services from the United States Bureau of Indian Affairs, 77 Fed. Reg. 47868, 47870 (Aug. 10, 2012) (listing Ione Band of Miwok Indians of California as recognized and eligible to receive BIA services by virtue of its status as an Indian tribe).

145.    The allegations in Paragraph 145 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

146.    The allegations in Paragraph 146 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

147.    The allegations in Paragraph 147 consist of legal conclusions and argument, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

## <u>SIXTH CLAIM FOR RELIEF</u>

148.    Federal Defendants incorporate by reference their responses to Paragraphs 1 through 147 as if fully set forth herein.

149.    The allegations in Paragraph 149 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

150.    The allegations in Paragraph 150 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

151.    The first, second and third sentences of Paragraph 151 consist of Plaintiffs' characterizations of *New York v. United States*, 505 U.S. 144 (1992); *Gregory v. Ashcroft* , 501 U.S. 452 (1991); and *Arlington v. FCC*, 133 S. Ct. 1863 (2013), which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are incomplete or inconsistent therewith, Federal Defendants deny the allegations. The last sentence of Paragraph 151 consists of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

152.    The allegations in Paragraph 152 consist of legal conclusions and argument to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

153.    The allegations in Paragraph 153 consist of legal conclusions and argument, well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

154.    The allegations in Paragraph 154 consist of Plaintiffs' characterizations of the various forms of relief sought, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

155.    The allegations in Paragraph 154 consist of Plaintiffs' characterizations of the various forms of relief sought, as well as requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations, and further deny that Plaintiffs are entitled to any relief whatsoever.

## RESPONSE TO SEVENTH CLAIM

156.    As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 156.

157.    As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 157.

158.    As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 158.

159.    As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 159.

160.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 160.

161.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 161.

162.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 162.

163.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 163.

164.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 164.

165.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 165.

166.     As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 166.

167.   As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 167.

168.   As the Seventh Claim for Relief is a subject of the United States' Motion for Partial Dismissal currently pending before this Court, ECF No. 15, no answer is required by the United States to the allegations set forth in Paragraph 168.

## RESPONSE TO PRAYER

The allegations in Paragraphs A through K constitute Plaintiffs' prayer for relief which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

A.  Plaintiffs have failed to establish the Court's subject matter jurisdiction for one or more of their claims.

B.  Plaintiffs have failed to establish standing with respect to one or more their claims.

C.  Plaintiffs have failed to state a claim for which relief can be granted with respect to one or more of their claims.

D.  One or more of Plaintiffs' claims is precluded by the doctrine of *res judicata*.

E.  One or more of Plaintiffs' issues is precluded by the doctrine of collateral estoppel.

F.  One or more of Plaintiffs' claims is barred by the applicable statute of limitations.

G.  Federal Defendants reserve the right to assert additional defenses, including affirmative defenses that may be revealed subsequent to this filing.

WHEREFORE, Federal Defendants request that the Court dismiss Plaintiffs' Complaint or enter judgment in favor of the United States and grant such other relief as may be appropriate.

FEDERAL DEFENDANTS' ANSWER         - 36 -
Case No. 2:18-cv-01398

Respectfully submitted this 20th day of August, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice


/s/ Judith Rabinowitz
Indian Resource Section
Environment and Natural Resources Division
United States Department of Justice

*Attorneys for Federal Defendants*

OF COUNSEL:

AUSTIN T. BADGER
Office of General Counsel
National Indian Gaming Commission
90 K Street NE, Ste. 200
Washington, DC 20002

MATTHEW KELLY
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240