KENNETH R. WILLIAMS, SB No. 73170
Attorney at Law
980 9th Street, 16th Floor
Sacramento, CA 95814
Telephone: (916) 449-9980
Fax: (916) 446-7104

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NO CASINO IN PLYMOUTH, DUEWARD W. CRANFORD II, Dr. ELIDA A. MALICK, JON COLBURN, DAVID LOGAN, WILLIAM BRAUN and CATHERINE COULTER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INDIAN GAMING COMMISSION; JONODEV CHAUDHURI former NIGC Chairman; DEPARTMENT OF INTERIOR; RYAN ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of the Interior and former Solicitor; DONALD E. LAVERDURE former DOI employee; and AMY DUTSCHKE, BIA Pacific Regional Director and member of the Ione Band,<br><br>Defendants. | Case No. 2:18-cv-01398 MCE-CKD<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE FEDERAL DEFENDANTS' MOTION TO DISMISS CLAIM SEVEN IN THE COMPLAINT**<br><br>**AND**<br><br>**REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>Date: September 20, 2018<br>Place: Courtroom 7, 14th Floor<br>Time: 2:00 p.m.<br>Judge: Hon. Morrison C. England |

**INTRODUCTION**

Plaintiffs, No Casino In Plymouth, Dueward W. Cranford II, Dr. Elida A. Malick, Jon Colburn, David Logan, William Braun and Catherine Coulter submit

1

this memorandum in opposition to the motion to dismiss Claim Seven in the complaint (Court Docket (CD) Nos. 15 & 15-1) filed, by Defendants, the National Indian Gaming Commission, Department of Interior, Jonodev Chaudhuri, Ryan Zinke, David Bernhardt, Donald E. Laverdure, and Amy Dutschke.

Defendants are challenging this Court's jurisdiction to decide Claim Seven of Plaintiffs' Complaint (CD 1 pp. 43-46.) pursuant Federal Rule of Civil Procedure, Rule 12(b)(1). Defendants are not challenging the Court's jurisdiction to decide the remaining six claims in the complaint. In fact, Defendants concede that this Court has jurisdiction in their recently filed Answer to the Complaint. (CD 17 p 4.) Specifically Defendants admit that the two agency decisions challenged in Plaintiffs' Complaint are "final agency action[s] subject to judicial review" under the Administrative Procedure Act, the Indian Reorganization Act and the Indian Gaming Regulatory Act. (Id at ¶¶ 9 &10.)

This admitted jurisdictional basis for Plaintiffs lawsuit applies to the entire lawsuit including Claims Seven. But, despite this admission, Defendants argue that Claim Seven should be dismissed pursuant to Rule 12(b)(1) for two reasons. First, Defendants argue that the United States should be substituted as the sole defendant in Claim Seven and then it should be dismissed because Plaintiffs supposedly failed to file an administrative tort claim under the Federal Tort Claims Act (FTCA) against the United States for the damages sought in Claim Seven. And second, Defendants argue that the Claim Seven damages claim is not ripe for adjudication.

Thus Defendants are making inconsistent arguments. On the one hand, they argue that Plaintiffs failed to file an administrative claim prior to including Claim Seven in the complaint. And, on the other hand, they argue that it is too early to file such a claim because Claim Seven is not ripe for review. But, regardless of this inconsistency, as is outlined below, neither of Defendants' contentions have merit.

Plaintiffs request that the Court, as a preliminary matter, decide the substitution issue and reject the effort of the Defendants to substitute the United States as the sole defendant on Claim Seven. Instead, as is discussed below, the federal certificate is refuted by the allegations in the complaint, which must be accepted as true for the purpose of this motion and the individual Defendants should remain as Defendants in Claim Seven.

In addition, Plaintiffs request that they be allowed to conduct jurisdictional discovery to further support the allegations in their Complaint regarding the illicit actions of the individual Defendants and to determine if there is a factual basis for the scope of employment certificate.

If the Court is inclined to grant the Defendants' motion to dismiss Claim Seven, Plaintiffs request that it be without prejudice and with leave to amend to include additional allegations regarding the actions of the individual Defendants, if possible, after the completion of jurisdictional discovery. And, in that event, Plaintiffs should be given an opportunity to present a claim within 60 days of the dismissal and amend the complaint to reflect that fact. 28 U.S.C. § 2679 (d)(5).

# STANDARD OF REVIEW

**A.     Lack of subject matter jurisdiction – Rule 12(b)(1).**

A Rule 12(b)(1) jurisdictional attack may be a facial or factual attack on the court's subject matter jurisdiction. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. In contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). The major difference between a facial and factual attack is that, under the former, the court must consider the allegations in the complaint as true and, under the later the court can review extrinsic evidence and determines the facts for itself whether or not there is jurisdiction. *Id.* Here the Defendants are asserting both a factual and facial challenge to the jurisdiction of this Court over Claim Seven.

Defendants' factual jurisdictional challenge is contingent on the employment certificate and their request for substitution. Defendants argue that the U.S. should be substituted as the sole defendant in Claim Seven and that, thereafter, it should be dismissed because the Plaintiffs did not file a claim under the FTCA or allege that they exhausted their administrative remedies under the FTCA in the complaint. (Defendants do not argue that Plaintiffs were required to file a FTCA claim before pursing the prospective declaratory and injunctive relief requested in Claim Seven.)

4

Defendants' facial jurisdictional challenge is that, on its face, Claim Seven is not ripe for adjudication because the extent of the damages that would be caused by the proposed casino is not yet certain. Basically, the Defendants argue that it is too early for the Plaintiffs to file a claim under the FTCA much less seek damages.

### B.   Review of Certificate of Scope of Federal Employment.

"[T]he Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Guitierrez de Martinez v. Lamago,* 515 U.S. 417, 434 (1995).  A plaintiff may contest the Attorney-General's scope-of-employment certification in district court. *Id.* at 520. And, if challenged, the scope-of-employment certification should be reviewed by this Court de novo. *Meridian International Logistics, Inc. v. U.S.,* 939 F.2d 740, 745 (9th Cir. 1991).See also *Green v. Hall,* 8 F.3d 695, 698 (9th Cir. 1993) (If challenged, the scope of employment certificate is not conclusive).

"To rebut the [scope] certification and obtain discovery, a plaintiff must allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) quoting *Stokes v. Cross,* 327 F.3d 1210, 1215 (D.C. Cir. 2003). "If a plaintiff meets this pleading burden, he may, if necessary, attain 'limited discovery' to resolve any factual disputes over jurisdiction." *Id.*

In determining whether or not a federal employee's acts are within the scope

5

of his employment, a court must apply state law. *Davies v. United States,* 542 F.2d 1361, 1362 (9th Cir. 1976). Under California law, the test for establishing vicarious liability under the doctrine of *respondeat superior* is whether or not the act was committed in the course of carrying out the employer's business or "enterprise." *Perez v. Van Groningen & Sons, Inc.,* 41 Cal. 3d 962 (1986).

Two important limitations on the Section 2679 substitution process are applicable here and should be brought to the Court's attention.

First, Section 2679 specifically provides that its provisions are not applicable "to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Thus the United States cannot be substituted for the individual federal Defendants with respect to Plaintiffs' Constitutional claims regardless of whether their actions were within the scope of their employment. And damages are an appropriate remedy for injuries caused by violations of the Constitution by individual federal employees and officials. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 397 (1971). Thus, even if the United States is substituted for the individual Defendants with respect to Claim Seven, they will remain individual and separate Defendants with respect to the Constitutional claims (two, five and six) in the Complaint.

Second, Section 2679 only applies to the monetary damage claims in Claim Seven. It does not apply to Plaintiffs' requests for injunctive and declaratory relief in Claim Seven. Plaintiffs do not need to file a claim under the FTCA to pursue

declaratory and injunctive relief to prevent the construction of a casino on non-Indian land as a public and private nuisance per se in California. Cal. Penal Code §11225; *Michigan v. Bay Mills Indian Community,* 134 S.Ct. 2024, 2035 (2014).

## STATEMENT OF THE CASE

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief in this case on May 22, 2018. (CD No. 1) In addition to the individual federal Defendants listed above, Plaintiffs named the National Indian Gaming Commission (NIGC) and the Department of Interior (DOI). All the individual Defendants are federal employees, officials or former officials and all are sued in their official capacities. Defendants Chaudhuri, Laverdure, and Dutschke are also sued in their personal capacities because, as alleged in the complaint, of the misuse and abuse of their positions in excess of their authority and beyond the scope of their employment.

As alleged in the complaint, the underlying facts that triggered this lawsuit include Defendant Laverdure's 2012 approval of the fee-to-trust transfer of over 200 acres in the rural community of Plymouth, California for a proposed casino for one faction of Ione Indians. Laverdure was a DOI employee and, as such, he lacked the authority to take the land in trust. Congress when enacting the IRA gave exclusive, non-delegable authority to the Secretary of Interior to take land into trust.

Prior to its approval by Defendant Laverdure, the fee-to-trust transfer was shepherded through the Bureau of Indian Affairs (BIA) by Defendant Dutschke who is a member of the faction of Ione Indians (aka the Dutschke faction) that

proposed casino. Ms. Dutschke and many members of her family will benefit if the casino is constructed in Plymouth. Dutschke, in addition to being an Ione Indian, has been the BIA Regional Director for the Pacific Region since 2010 and has been a BIA employee since 1975. Prior to 2010, she served as Deputy Regional Director responsible for the BIA's trust programs – including real estate services which, during her tenure, processed the Dutschke faction's fee-to-trust application.

More recently Defendant Chaudhuri, on March 6, 2018, just before his tenure as National Indian Gaming Commission Chairman expired in April 2018, approved a gaming ordinance for the proposed casino Dutschke faction. Chaudhuri lack the authority to approve the Dutschke faction gaming ordinance without a prior determination by the Commission itself that the land is Indian land eligible for gaming under IGRA. Indeed, there was already a prior determination by Defendant Bernhardt who, as the DOI Solicitor, determined in 2009 that the Dutschke faction is not a "restored tribe" with "restored land" eligible for Indian gaming under IGRA. It should be noted that Chaudhuri did not publish his approval of the gaming ordinance in the Federal Register as required by IGRA. Instead, Plaintiffs discovered that it was "published" in one private publication (Pechanga.net) in early March 2018. It still has not been published in the Federal Register.  It is almost as though Chaudhuri was trying to hide his approval from public view.

Plaintiffs' complaint was filed on May 22, 2018 (CD 1) and includes seven causes of action: (1) Violation of the Indian Gaming Regulatory Act; (2) Violation

of the Appointments Clause of the Constitution; (3) Violation of the Indian Reorganization Act; (4) Violation of tribal recognition regulations (25 CFR Part 83); (5) Violation of the Equal Protection provisions of the Constitution; (6) Violation of the Constitutional principles of Federalism; and (7) Violations of California's Constitution and Nuisance laws.

On July 20, 2018, Defendants filed the Notice of Substitution pursuant to 28 USC §2679(d) supposedly substituting the United States for all the individual federal Defendants with respect to the Seventh Claim in the complaint <u>only</u>. (CD No. 9)[1]  A Certification of Scope of Federal Employment, signed by David T. Shelledy, Chief of the Civil Division, was filed with the substitution. (CD No. 9-1.) Attorney Shelledy states that he is filing the certification pursuant 28 USC §2679(d) and 28 C.F.R. §15.4 and pursuant to authority delegated to him by the U.S. Attorney. He also says that he "reviewed the Complaint" and, "on the basis of the information now available to me," the individual Defendants "were acting in the scope of their employment at the time of the events giving rise to Claim Seven." (CD No. 9-1, p. 2, ll. 5-7.)  Other than the Complaint, Mr. Shelledy does not describe the "information" he reviewed. Also, 28 C.F.R. §15.4(c) provides that his certification "may be withdrawn if a further evaluation of the relevant facts or the

---

[1] The notice also states that, "pursuant to 28 USC §2679(d)" the individual Defendants "are dismissed with prejudice from Claim Seven." This incredible claim is obviously not correct.  Section 2679(d) allows for substitution of parties in specified circumstances. It is not automatic. And it does not allow for the unilateral dismissal of Defendants "with prejudice" by the attorney who represents those same Defendants. See *In re Murchison,* 349 U.S. 133, 136 (1955)

9

consideration of new or additional evidence calls for such action." It is not final.

Although the substitution and certification are limited to Claim Seven, that claim is not described in either document. Claim Seven is the final claim in the complaint. (CD No. 1, pp.43-46.) It incorporates all the prior allegations and claims in the complaint. (CD No. 1, p.43, ¶156.) This includes all the factual allegations and all the allegations regarding the role of each individual Defendants.[2]

In addition to incorporating all the prior allegations and claims, Claim Seven adds a claim based on California's Constitution which prohibits Indian casinos in California unless they are operated by "federally recognized tribes on Indian lands in California in accordance with federal law." Cal. Const. Art. 4, Sec. 19(f). Thus California's Constitution adopts federal law when determining whether and Indian casino is allowed or prohibited in California. This is same federal question that will be adjudicated in the first six claims and that is incorporated into Claim Seven. Plaintiffs make the same argument in all seven claims, namely that the land is not eligible to be taken into trust under the IRA and is not eligible for gaming under IGRA Indian casinos that do not meet these Constitutional prerequisites are public and private nuisances in California "which shall be enjoined, abated and prevented, and for which damages may recovered." Cal. Penal Code § 11225.

///

---

[2] "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. Rule Civ. Proc. 12(c).

10

And, in addition to seeking declaratory and injunctive relief, the final paragraph in Claim Seven in the complaint provides:

> Plaintiffs also seek damages, if appropriate and according to proof, for any injury that has been, or will be, caused, by the notice, construction or operation of the proposed casino and the illegal gambling operations allowed or approved by Defendants. (CD No. 1, p.46, ¶168.)

Defendants' motion to dismiss Claim Seven is focused on this final paragraph in Claim Seven. Defendants argue that the United States should be substituted as the sole defendant in Claim Seven and that Plaintiffs failed to file a claim under the FTCA for the damages claimed. In addition, Defendants rely on the phrase "for any injury that . . . will be caused" (and ignore the phrase "that has been …caused") to support their contention that Claim Seven is not ripe for adjudication because it references potential damages for future injuries.

## ARGUMENT

**A. The individual Defendants acted in excess of their authority and scope of employment by allowing and approving an Indian casino on non-Indian land in violation of the Constitution and Congressional authority.**

The Defendants' motion to dismiss "failure to exhaust their administrative remedies" argument is entirely contingent on the United States being substituted as the sole defendant in Claim Seven. And the substitution, in turn, is contingent the certificate of employment and the Defendants' assertion that all the individual defendants "were acting in the scope of their employment at the time of the events giving rise to Claim Seven." (CD 9-1.)

11

As referenced above, "[t]o rebut the [scope] certification and obtain discovery, a plaintiff must 'allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Wuterich v. Murtha*, 562 F.3d at 381. The allegations in the complaint, taken as true, clearly establish that the individual defendants exceeded their scope of employment and authority under the Constitution and as provided by Congress under federal law.

With respect to Defendant Laverdure, Plaintiffs allege in Paragraph 30 of the Complaint (CD 1, pp. 13-14) that:

> Defendant, Donald E. Laverdure, was a DOI employee in 2012 who, without authority, issued the ROD purporting to take the subject property into trust for gambling by an unrecognized group of Ione Indians. . . . Congress in the IRA gave exclusive authority to the Secretary of Interior to take land into trust for recognized tribes that were under federal jurisdiction in 1934. Defendant Laverdure was not the Secretary of Interior in 2012. He did not have authority to take land into trust for an unrecognized group of Indians that did not exist in 1934. Defendant Laverdure is being sued in his prior official and personal capacities.

A major focus of this lawsuit is to challenge the illicit actions of Laverdure in approving the underlying fee-to-trust transfer in violation of the IRA and the Appointments Clause of the Constitution. (CD 1 ¶¶ 6, 15, 82-90 and 109-120.) As stated in Paragraph 85 of the Complaint (CD 1 p. 27.): "By issuing the ROD Laverdure tried to usurp the authority that Congress gave exclusively to Secretary Jewell." And in their recent Answer, Defendants admit – albeit obliquely - that Laverdure is not the Secretary of Interior. (CD 1; p. 9 ¶ 30; "Federal Defendants

admit the allegations in the fifth sentence of Paragraph 30" of the complaint.) Furthermore, as alleged in the ROD, Laverdure failed to follow the majority opinion in *Carcieri v. Salazar,* 555 U.S. 379 (2009). (CD 1, pp. 27-28, ¶ 89.) And he relied on a 2006 Associate Solicitor opinion that was withdrawn by the Solicitor, Defendant Bernhardt, in 2009. (CD 1, p. 28, ¶ 90.) In summary, Laverdure "intentionally ignored and evaded the rules and the laws, including the mandates and requirements of the IRA and IGRA, to give benefits and preferences to an unrecognized group of Ione Indians with no Indian land." (CD 1, p. 4, ¶ 6.)

With respect to Defendant Dutschke, Plaintiffs allege in Paragraph 29 of the Complaint (CD 1, pp. 13) that:

> Defendant, Amy Dutschke, is the BIA Pacific Regional Director. Defendant Dutschke is also member of a group of the Indians claiming to be Ione Indians (Dutschke group), which she recently helped organize to the exclusion of some Ione Indians. Defendant Dutschke, and the recently enrolled members of her family and friends will benefit, if the subject property is taken into trust for a casino for the Ione Indians. Defendant Dutschke misused and abused her position of authority in the BIA to benefit herself, her family and her friends in the Dutschke group outside the Ione area to the detriment of the public and to the exclusion of Indians in the Ione area. She is being sued in her official capacity and her personal capacity.

There are several other allegations in the complaint outlining Dutschke's misuse of her position and corrupt self-dealing for personal benefit are out line in the Complaint. (CD 1 ¶¶ 60-65 & 91.) What is perhaps more telling is the fact that, in response to these allegations, Defendants - in their recent Answer (CD 17) – revealed that "Ms. Dutschke has been recused from the agency process that led to

the issuance of the ROD, recused thereafter from matters concerning the Ione Band, and had no role in NIGC's 2018 approval of the Ione Band's gaming ordinance." (CD 17 pp. 8-9.) This claimed recusal is an admission and an acknowledgement that Dutschke has a serious conflict of interest. Plaintiffs are entitled to jurisdictional discovery regarding the scope and nature of this claimed recusal.

With respect to Defendant Chaudhuri, Plaintiffs allege in Paragraph 25 of the Complaint (CD 1, p. 12) that:

> Defendant, Jonodev Chauduri, was the Chairman of the NIGC until April 2018, with delegated authority to approve gaming ordinances for recognized tribes conducting Indian gambling on Indian lands as defined by IGRA. Chairman Chaudhuri lacked the authority to approve the gaming ordinance on non-Indian land for an unrecognized group of Ione Indians. He is being sued in his prior official capacity and in his personal capacity.

As alleged in Plaintiffs' Complaint, if the underlying lands are not Indian land eligible for gaming under IGRA, then Chaudhuri has absolutely no jurisdiction or authority to approve the Ione Band gaming ordinance. (CD 1 ¶¶ 91-93 & 96-108.) This jurisdictional axiom has been reaffirmed and reinforced by the United States Supreme Court. *Michigan v. Bay Mills Indian Community,* 134 S.Ct. 2024 (2014). This undeniable jurisdictional rule makes it all the more surprising that the Defendants in their recent Answer in response to Plaintiffs' claim that Chaudhuri could approve the Ione Band gaming ordinance despite the fact that Ione Band does not have Indian land eligible for gaming. (CD 17 pp. 22-23 ¶ 92.) Basically the Defendants are admitting that there are no Indian lands eligible for gaming and that,

therefore, Chaudhuri had no authority or jurisdiction to approve the gaming ordinance.  Jurisdictional discovery will be necessary to determine the basis for Defendants' claim that Chaudhuri had the authority and jurisdiction to approve a gaming ordinance for gaming on non-Indian. It appears that Defendants' position is designed to facilitate a gaming ordinance for a public nuisance.

With respect to Defendant Bernhardt, Plaintiffs allege in Paragraph 28 of the Complaint (CD 1, p. 12) that:

> Defendant, David Bernhardt, is the Deputy Secretary of Interior. He was appointed by the President and confirmed by the Senate in 2017.  He has delegated authority from Secretary Zinke to review and approve or deny fee-to-trust transfers for recognized tribes for gambling purposes.  Mr. Bernhardt is also a former DOI Solicitor and, in that capacity, in 2009 determined that Ione Indians were not a "restored tribe" as that term is used in IGRA and that the subject property in this case was not Indian land eligible for gambling under IGRA.

Fortuitously, Defendant Bernhardt is a Defendant in this case. He is currently in a supervisor role Deputy Secretary of Interior with the ability to enforce his prior 2009 decision as DOI Solicitor that the Ione Band is <u>not</u> a restored tribe and does <u>not</u> have Indian land eligible for gaming under IGRA.[3] Jurisdictional discovery is necessary to determine if Bernhardt will stand-by and enforce his opinion.

---

[3] The Defendants claim in footnote 2 of their brief that the Ninth Circuit has already rejected Plaintiff's claim that the Ione Band is not a federally recognized tribe in *County of Amador v. U.S. DOI,* 872 F.3d 1012 (9th Cir. 2017). That is not correct. The County of Amador conceded in that case that the Ione Band was a federally recognized tribe. It was not a contested issue in that case. In contrast, in 1992, this Court held, at the DOI's request, that Ione Indians were not a recognized tribe and that they failed to exhaust their administrative remedies under 25 CFR Part 83. *Ione Band v. Burris/DOI* (U.S. District Court, ED Cal. No. CIV-S-90-0993). This decision was confirmed by a judgment in 1996 which was not appealed by DOI or any Ione Indian. It is final and binding on the Defendants in this case.

With respect to Defendant Zinke, Plaintiffs allege in Paragraph 27 of the Complaint (CD 1, p. 12) that:

> Defendant, Ryan Zinke, is the current Secretary of Interior and oversees the DOI, BIA and NIGC. He was appointed and confirmed in 2017. He succeeded Secretary Sally Jewell who was in office in 2012 when the ROD was issued by Defendant Laverdure.

Defendant Zinke was named as the successor to Secretary Jewell. Also he was named as a Defendant because he is the current Secretary of Interior and Supervisor of the other individual Defendants and the DOI, BIA and NIGC. He was not the Secretary when the ROD was approved by Laverdure. But he was Secretary when the gaming ordinance was approved by Chaudhuri. So it is significant, and troubling, that in their recent Answer, Defendants have denied that Defendant Zinke, as the current Secretary of Interior, oversees the DOI, BIA and NIGC. (CD 17 p. 7 ¶ 26.) It seems that Defendants are trying to distance Secretary Zinke from the illegal and unauthorized actions of the other individual Defendants that occurred before his tenure. But jurisdictional discovery is necessary to determine this for sure or if there is another reason why Secretary Zinke denied that he oversees the DOI, NIGC and BIA and the other individual Defendants.

Plaintiffs respectfully submit that the allegations in the Complaint, summarized, above are more than sufficient to rebut the generic scope of employment certificate and preclude substitution of the U.S. as the defendant in Claim Seven. They also demonstrate the need for jurisdictional discovery and, for

the reasons outlined above, Plaintiffs request permission to conduct that discovery.

Also, because the United States should not be substituted as the sole Defendant in Claim Seven, the Defendants motion to dismiss Claim Seven for failure to exhaust administrative remedies is inapposite and should be denied. The individual Defendants should remain Defendants in Claim Seven.

**B. If the Court determines that the U.S. should be substituted as the sole Defendant in Claim Seven, Plaintiffs should be given an opportunity file a claim and amend the complaint to plead compliance with the FTCA.**

Defendants claim that "[t]he FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived." (CD 15-1 p. 4, l. 10.) They claim that this Court has no choice but to substitute the United States as the sole Defendant in Claim Seven and, then, immediately then dismiss Claim Seven because Plaintiffs failed to plead that they exhausted their administrative remedies vis-à-vis newly substituted United States. Apparently the Defendants have neglected to read 28 USC Section 2679 in its entirety. Defendants' suggestion that this Court has no choice but to dismiss the damage claim in Claim Seven in its entirety is wrong.

Section 2679(d)(1) provides:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure to first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
  (A) The claim would have been timely had it been filed on the date the underlying civil action was commenced, and
  (B) The claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

17

Thus, if the Court is inclined to substitute the United States as a sole Defendant in Claim Seven, then, if necessary and appropriate, Plaintiffs should be given an opportunity to present a claim within 60 days after the dismissal of the damage claim in Claim Seven. Of course if the Court agrees with the Defendants that Plaintiffs damage claim in Claim Seven is not ripe for adjudication, then Plaintiffs need not file a claim now. Also it is important to stress that the FTCA administrative claims rules apply only to requests for "money damages" for injuries caused by the United States. It does not apply to the declaratory relief and injunctive relief requests in Claim Seven. Those requests continue, and the remainder of Claim Seven continues, regardless of the FTCA and regardless of whether the damage claim is dismissed or postponed.

**C. Claim Seven of Plaintiffs' complaint, like the other claims, involves a federal question (whether the casino will be on Indian land eligible for gaming under IGRA) that is ripe for adjudication by this Court.**

As mentioned above, California's constitution adopts and applies federal law to determine if an Indian casino is legally on Indian land eligible for gaming. Specifically, the California Constitution limits Indian gambling in California to "federally recognized tribes on Indian lands in California <u>in accordance with federal law.</u>" (Cal. Const. Art. 4, Sec. 19(f); emphasis added.)  This raises the same federal question that is to be adjudicated in the first six claims. And Defendants have admitted that the two decisions challenged by the Plaintiffs – Laverdure's approval of the ROD and Chaudhuri's approval of the gaming ordinance - are final agency

decisions subject to judicial review under the APA. (CD 17 p. 4 ¶¶ 9 & 10.) Therefore this Court has jurisdiction and the federal question as to whether the federally approved casino will be on Indian land is ripe for adjudication.

Furthermore if, as is the case here, the casino is not on Indian land eligible for gaming "in accordance with federal law," then it is governed by California Penal Code section 11225, which provides that: "Every building or place used for the purpose of illegal gambling . . . is a nuisance which shall be enjoined, abated and prevented, and <u>for which damages may be recovered</u>, whether it is a public or private nuisance." (Emphasis added.) And contrary to the claims of the Defendants, these potential damages are not speculative or uncertain. The measure of these damages is set, at least in part, by statute. Cal. Penal Code § 11226.[4] This State law nuisance remedy is consistent with the Supreme Court decision in *Michigan v. Bay Mills Indian Community* which held that an Indian casino that is not constructed on Indian land can be abated and enjoined as a public nuisance under State law.

/ / /

/ / / /

---

[4] In footnote 3, on the last page of their opposition (CD 15-1 p. 7), as an apparent afterthought, Defendants claim that, "[e]ven if this Court did have subject matter jurisdiction over Claim Seven, plaintiffs have failed to state a claim under Fed. R. Civ P. 12(b)(6) they do allege the elements of a nuisance claim California law, much less explain with any specificity which of the defendants is responsible for the alleged nuisance." Even if this contention had been properly noticed, Defendants' Rule 12(b)(6) argument lacks merit. Plaintiffs are asserting per se violation as authorized by Penal Code Section 11225. All the elements for a public and private nuisance per se claim are pled in Claim Seven.

# CONCLUSION

For the forgoing reasons, Plaintiffs request that the Court deny the Defendants' request to substitute the United States as the sole Defendant in Claim Seven and deny the Defendants' motion to dismiss Claim Seven for failure to exhaust administrative remedies under the FTCA. Plaintiffs also request that the Court deny Defendants facial challenge of Claim Seven on the basis that it is not ripe for adjudication. Finally, Plaintiffs respectfully request that they be given an opportunity to conduct jurisdictional discovery as outlined above.

Dated:  September 6, 2018

>                    Respectfully submitted,
>
>                    s/ *Kenneth R. Williams*
>
>                    KENNETH R. WILLIAMS
>                    *Attorney for Plaintiffs*