ERIC GRANT
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JUDITH RABINOWITZ
Indian Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone: (415) 744-6486

McGREGOR W. SCOTT
United States Attorney
EDWARD A. OLSEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2821
Facsimile:   (916) 554-2900

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NO CASINO IN PLYMOUTH, DUEWARD W. CRANFORD II, DR. ELIDA A. MALICK, JON COLBURN, DAVID LOGAN, WILLIAM BRAUN AND CATHERINE COULTER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL INDIAN GAMING COMMISSION, et al.,<br><br>　　　　　Defendants. | CASE NO.  2:18-cv-01398-TLN-CKD<br><br>**DEFENDANTS' OBJECTION TO INITIAL PRETRIAL SCHEDULING ORDER** |

The United States is in receipt of the Court's Initial Pretrial Scheduling Order, ECF No. 25, issued in conjunction with the Court's Related Case Order, ECF No. 24, reassigning this matter from Judge England to your honor pursuant to Local Rule 123. The Order instructs that its provisions will become final "without further order of the Court unless objections are filed within sixty (60) days of service on all defendant(s)."

This objection is filed simply to make it clear that the government's position is that this action is governed by the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA") and, as such pretrial procedures do not apply. Instead, the APA requires that the Court's review occur on the administrative record (here records) of the challenged agency decisions.[1] This fact is recognized in the very first sentence of the Federal Rules of Procedure Rule 26 (Duty to Disclose; General Provisions Governing Discovery), addressed to initial disclosures. Carved out of the initial disclosure requirement at Rule 26(a)(1)(A) are those matters "exempted by Rule 26(a)(1)(B)." Rule 26(a)(1)(B) identifies "proceedings exempt from initial disclosure" to include "(i) an action for review on an administrative record." Similarly, Rule 26(f) pertaining to discovery planning, states that the "conference of the parties" for "planning for discovery" is required "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)."

In sum, given that the instant action is governed by the standards and scope of review set forth in the APA, most of the provisions contained in the Initial Pretrial Scheduling Order are inapplicable to this non-trial, record review case.

Respectfully submitted,

Dated:   March 20, 2019

By:   */s/ Judith Rabinowitz*
      JUDITH RABINOWITZ

---

[1] The administrative records of the two agency actions challenged here have been lodged with the Court and served on the Plaintiffs. ECF Nos. 22, 22-1 and 22-2.