KENNETH R. WILLIAMS, SB No. 73170
Attorney at Law
980 9th Street, 16th Floor
Sacramento, CA 95814
Telephone: (916) 449-9980
Fax: (916) 446-7104

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NO CASINO IN PLYMOUTH, DUEWARD W. CRANFORD II, Dr. ELIDA A. MALICK, JON COLBURN, DAVID LOGAN, WILLIAM BRAUN and CATHERINE COULTER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INDIAN GAMING COMMISSION; JONODEV CHAUDHURI former NIGC Chairman; DEPARTMENT OF INTERIOR; RYAN ZINKE, Secretary of Interior; DAVID BERNHARDT, Deputy Secretary of the Interior and former Solicitor; DONALD E. LAVERDURE former DOI employee; and AMY DUTSCHKE, BIA Pacific Regional Director and member of the Ione Band,<br><br>Defendants. | Case No. 2:18-cv-01398 TLN-CKD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO INITIAL PRETRIAL SCHEDULING ORDER** |

Plaintiffs submit this response to the Defendants' Objection to the Initial Pretrial Scheduling Order filed March 20, 2019. (Court Docket (CD) No. 27.)

1

## STATEMENT OT THE CASE

This lawsuit was filed on May 22, 2018 and it was initially assigned to Judge England of this Court. (CD) No. 1.) The Complaint includes seven separate claims for relief against federal agencies and federal officials or former officials. All the Defendants were served with the Complaint. And on August 20, 2019, they filed an Answer to the first six claims in the Complaint (CD No. 17) and a motion to dismiss Claim Seven (CD Nos. 15 & 15-1.) Plaintiffs filed an opposition to the Defendants motion to dismiss Claim Seven on September 6, 2019. (CD No. 18.)

On March 11, 2019, this case was reassigned to Judge Nunley. (CD No. 24.) And on the same day, this Court issued an Initial Pretrial Scheduling Order and directed that it "will become final without further order of the Court unless objections are filed within sixty (60) days of service on all defendant(s)." (CD No. 25 at p. 7.) Defendants filed an Objection to Initial Pretrial Scheduling Order on March 20, 2019. (CD No. 27.)

On March 22, 2019, the Court issued a Minute Order acknowledging receipt of Defendants' objection but deferred issuing an amended scheduling order while the Defendants' motion to dismiss Claim Seven was pending. (CD No. 28.) The Court also directed the parties to file a Joint Status Report (JSR), if necessary, within 30 days of the Court's ruling on the Defendants' motion. The procedural issues will be addressed in the JSR. In the meantime, Plaintiffs feel compelled to respond for the record to Defendants' objection within the 60 day time limit.

## DISCUSSION

Defendants contend that the pretrial procedures set forth in the Initial Pretrial Scheduling Order "do not apply" because, in their view, "this action is governed by the Administrative Procedures Action, 5 U.S.C. §§ 701-706 ('APA')" (CD No. 27 at p. 2.) Defendants claim that, under the APA, the Court's review of Plaintiffs Complaint is limited to the two administrative records that they have lodged in this case. (CD Nos. 22, 22-1 and 22-2.) Defendants are correct that the general waiver of sovereign immunity in the APA applies to all seven claims in this case. But their contention that the Court's review of this case is limited to the two incomplete and self-serving administrative records that they recently lodged in the case is wrong.

The APA generally waives the Federal Government's immunity from a suit "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted§ or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. *Match-E-Be-Nash-She-Wish Band Indians v. Patchak*, 132 S. Ct. 2199, 2204 (2012). Furthermore, the APA's waiver of immunity is not limited to Plaintiffs' challenges to the agency decisions involved in this case. The APA waiver applies to all seven claims in the Complaint. (Id.)[1]

---

[1] Contrary to claims made by Defendants in their recent filing (CD No. 30), Plaintiffs are not relying on the waiver of sovereign immunity in the Federal Torts Claim Act (FTCA) with respect to Claim Seven in the Complaint. The FTCA does not apply to damage claims against federal officials and employees acting without authority. And Plaintiffs' requests for declaratory and injunctive relief are governed by the APA not the FTCA. In any event, because the construction of the proposed casino is very unlikely, Plaintiffs have asked the Court for leave to amend Claim Seven to remove the claim for damages without prejudice. (CD No. 29.)

The first administrative record (AR) that was lodged by the Defendants was ostensibly designed to support Defendant Laverdure's approval of the Record of Decision (ROD) in 2012. It pertains to the Third Claim For Relief in the Complaint (Indian Reorganization Act). (CD No. 1 at 35-37.) It is not directly related to, and certainly does not limit the Court's review of, the other six claims in the Complaint.

Also, as the Court may recall, the ROD AR was submitted by Defendants' counsel in the prior lawsuit over a year <u>after</u> the ROD was issued by Defendant Laverdure and long <u>after</u> he had left the Department of Interior (DOI). Instead of being used by Laverdure a basis for his decisions in the ROD, the AR was an after-the-fact litigation creation designed to rationalize the ROD before this Court.

Furthermore, this Court in the prior case did not limit its review to the AR lodged by defense counsel during the course of the prior lawsuit.  Other important DOI documents, discovered at the University of California, Davis library and elsewhere, were presented and considered by the Court without objection from Defendants. These documents were part of the DOI record that existed when Defendant Laverdure issued the ROD. They filled the gaps in the AR prepared by the Defendants' counsel. The Court's review of the Third Claim for Relief should, again, include a review of these documents in addition to the AR.

The second AR that was lodged by the Defendants is related to the First Claim For Relief (Indian Gaming Regulatory Act) in the Complaint. (CD No. 1 at 30-32). In the first claim, Plaintiffs allege that the National Indian Gaming

Commission (NIGC) has no jurisdiction to approve Indian gambling or a casino: (1) on the subject property, which is not Indian land eligible for gaming under IGRA or (2) for the Ione Band which has not been recognized by under 25 CFR Part 83. (CD No. 1 at pp. 30-32.) Defendants in their Answer to the Complaint had conceded that they have not made an Indian lands determination with respect to the subject property and that the Ione Band has not obtained Part 83 federal recognition. (See CD No. 17 ¶¶ 43 & 68.)  And, as a consequence, Defendants claim that the gaming ordinance approved by Defendant Chaudhuri was not site-specific.

The AR with respect to the Ione Band gambling ordinance consists of only six documents. It purports to be a non-site specific ordinance, but some of the documents in the Ordinance AR reference Ione Band tribal lands. Also some of the six documents reference or allude to other documents which were not in the AR.  If they are not voluntarily produced as required by Federal Rules of Civil Procedure, Rule 26, those documents will have to be produced and revealed during discovery.

Also, the Ordinance AR fails to mention the NIGC related documents in the ROD AR.  This was no doubt because the NIGC related documents in the ROD AR are site-specific and, given Defendant Bernhardt's 2009 opinion, they establish that the subject property is not eligible for gaming under IGRA.  The bottom-line is that Ione Band does not now own any Indian land eligible for gaming under IGRA and had not been recognized under Part 83.  Therefore, the NIGC lacked jurisdiction to approve the Ione Band gaming ordinance, whether or not it is site specific.

In the Second Claim, Plaintiffs allege that, under the IRA, Congress delegated exclusive authority to take land into trust to the Secretary of Interior and that Defendant Laverdure's attempt to usurp the Secretary of Interior's authority was a violation of the Appointments Clause of the Constitution. The Court's review of this legal, constitutional issue is de novo and is not limited in any way by the administrative record. The same is true for the other two constitutional claims in the Complaint, including Claim Five (Equal Protection) and Claim Six (Federalism). And, likewise the Court's review of Claim Four (Part 83) and Claim Seven (Nuisance) should not be limited by either administrative record.

## CONCLUSION

The Defendants Objection to Initial Pretrial Scheduling Order is without merit.  The scope of the Plaintiffs' lawsuit is much broader than a challenge to two agency decisions. Thus, this Court's review of the seven claims in Plaintiffs' Complaint should not be limited to the two administrative records lodged by the Defendants.  Instead, although the time frames must be adjusted, the usual pretrial procedures outlined in this Court's Initial Pretrial Scheduling Order should apply.

Dated:  May 9, 2019

                                        Respectfully submitted,

                                        s/ *Kenneth R. Williams*

                                        KENNETH R. WILLIAMS
                                        *Attorney for Plaintiffs*