**KENNETH R. WILLIAMS (SBN 73170)**
Attorney at Law
980 9th Street, 16th Floor
Sacramento, CA 95814
Telephone: (916) 449-9980

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NO CASINO IN PLYMOUTH, et al. | Case No. 2:18-cv-01398-TLN-CKD |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS NOTICE OF RECENT AUTHORITY.** |
| NATIONAL INDIAN GAMING COMMISSION, et al. | |
| Defendants. | Judge: Honorable Troy L. Nunley |

This is in response to the Defendants' Notice of Recent Authority filed on May 5, 2021. (CD 58.) Defendants attached an internal memorandum (M-37070) from the Principal Deputy Solicitor (PDS), dated April 27, 2021, notifying his clients, the Secretary of Interior, Assistant Secretary-Indian Affairs, and the Director of the Bureau of Indian Affairs, that he was temporarily withdrawing Sol. Ops. M-37054, M-37055 and the related Procedures, to allow for a "proper level of consultation with Tribal Nations," In the meantime, during the tribal consultation process, the PDS supposedly "reinstated" M-37029 "**in the interim.**"

1

A cc copy of the PDS' memorandum was sent to the Deputy Solicitor for Indian Affairs with the recommendation that the BIA and the Office of the Solicitor "schedule virtual consultation sessions with Tribal Nations within the next 90 days." But, despite his strong endorsement of tribal consultation, it is telling that the PDS did not bother to consult with tribes before he withdrew, in an internal memo, M-37055 and the related eligibility determination Procedures despite the fact they have been in place, implemented and relied upon by tribes for over a year.

Nor, apparently, did the PDS consult with the lawyers in his office before he decided to "reinstate" 37029.  In a March 5, 2020 detailed legal opinion, the Deputy Solicitor, Associate Solicitor, and Counselor to the Solicitor all concluded that "M-37029's interpretation of the term 'recognition' departed, without explanation, from the Department's previous, long-held understanding of that term."  These lawyers also concluded that the Ninth Circuit's interpretation in *Amador* was wrong.

In any event, it is important to note that, despite the title of CD 58, the PDS' internal memorandum is not "Recent Authority" that binds this Court or the parties in any way. Nor does is it relevant to the pending legal issues in this case. Instead, it is merely the PDS' notice to the Secretary, Assistant Secretary and BIA Director that he intends to reevaluate the M-Opinions after consulting with tribes.

Defendants' claim that the PDS' memo is important because this Court and the Ninth Circuit relied on M-37029 in the *Amador* cases.  That is not correct. M-37029 was issued in 2014 and did not exist in 2012 when the subject ROD was

approved. M-37029 was not part of the administrative record when the *Amador* case was filed by the County and later decided by this Court and the Ninth Circuit.

On March 15, 2020, this Court denied Plaintiffs' request that this case be stayed pending the Solicitor's evaluation of the Ione Band's eligibility under the new Procedures and M-37055.  But the Court's denial was without prejudice to Plaintiffs' right to file a formal noticed motion in this regard.  Defendants' claim that this possibility is now moot is incorrect.  Plaintiffs' right to file a motion is only delayed while the Solicitor consults with tribes "within the next 90 days." The results of those tribal consultations should be known soon thereafter.  Plaintiffs will then decide whether or not to file such a motion which, of course, Defendants can oppose. Although the issue is not yet ripe for decision, it is not moot.

Finally, Defendants contend that, now that M-37029 has been reinstated, the Court can decide their Motion for Judgment on the Pleadings "without concern." But, the Court should be concerned about this "interim" tactic, And, even if it were relevant, and regardless of its temporary reinstatement, M-37029 remains contrary to the unambiguous language of the Indian Reorganization Act of 1934 and the Supreme Court's decision in *Carcieri v. Salazar,* 555U.S. 379 (2009).

Dated:  May 12, 2021.

                                            Respectfully submitted,

                                            /s *Kenneth R. Williams*
                                            KENNETH R. WILLIAMS
                                            *Attorney for Plaintiffs*