UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

NO CASINO IN PLYMOUTH; et al.,

        Plaintiffs - Appellants,

 v.

NATIONAL INDIAN GAMING
COMMISSION; et al.,

        Defendants - Appellees,


 and


IONE BAND OF MIWOK INDIANS,

        Intervenor-Defendant -
Appellee.

</td><td>

No. 22-15756

D.C. No. 2:18-cv-01398-TLN-CKD
U.S. District Court for Eastern
California, Sacramento

**MANDATE**

</td></tr>
</table>

FILED

NOV 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

The judgment of this Court, entered July 20, 2023, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

               FOR THE COURT:

               MOLLY C. DWYER
               CLERK OF COURT

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NO CASINO IN PLYMOUTH; et al.,

          Plaintiffs-Appellants,

  v.

NATIONAL INDIAN GAMING
COMMISSION; et al.,

          Defendants-Appellees,

 and

IONE BAND OF MIWOK INDIANS,

      Intervenor-Defendant-
      Appellee.

No.   22-15756

D.C. No.
2:18-cv-01398-TLN-CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 18, 2023**
San Francisco, California

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  WARDLAW and M. SMITH, Circuit Judges, and RAYES,[***] District Judge.

No Casino in Plymouth (NCIP) and several of its members appeal from the district court's order granting judgment on the pleadings in favor of the government on each of NCIP's six claims.[1]  As the parties are familiar with the facts, we do not restate them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.  In sum, the law of the circuit doctrine forecloses three of NCIP's six claims.  *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017).  One of NCIP's claims fails on the merits, and NCIP has waived its remaining two claims.

1. NCIP purports to challenge the Department of the Interior's ("DOI's") approval of the Ione Band of Miwok's ("Ione Band's") tribal gaming ordinance in 2018.  But in substance, three of NCIP's claims (Claims One, Three, and Four) turn on challenges to DOI's earlier, 2012 Record of Decision ("2012 ROD") taking land into trust in Plymouth, California for the benefit of the Ione Band and approving the use of certain lands for tribal gaming.  In a prior appeal, we considered and rejected the claims and legal theories NCIP now attempts to

---

[***]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

[1] The members and supporters of NCIP party to this action are Deuward W. Cranford II, Dr. Elida A. Malick, Jon Colburn, David Logan, William Braun, and Catherine Coulter.

resuscitate in the instant appeal.  *See County of Amador v. U.S. Dept. of the Interior*, 872 F.3d 1012 (9th Cir. 2017); *see also NCIP v. Zinke*, 698 Fed. App'x 531 (9th Cir. 2017) (mem.) (dismissing NCIP's prior appeal on standing grounds).

"Under our law of the circuit doctrine, a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so." *Zermeno-Gomez*, 868 F.3d at 1052 (internal quotation marks omitted) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)).  This doctrine is subject to limited exceptions.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (recognizing that a three-judge panel may overrule a prior panel's decision if "the relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

NCIP does not argue that an exception to the law of the circuit doctrine applies.  Instead, NCIP attempts to collaterally attack *Amador*, 872 F.3d 1012, arguing that the dispute was not ripe because the panel "decided a potential future dispute contingent on the subject property being taken into trust pursuant to the 2012 ROD—which never happened."  Neither an en banc panel of our court nor the Supreme Court has revisited the panel's holding in *Amador*.  *Zermeno-Gomez*, 868 F.3d at 1052.

There is no ripeness exception to the law of the circuit doctrine.  No intervening Supreme Court precedent has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."  *Gammie*, 335 F.3d at 900. Accordingly, the law of the circuit doctrine applies.

In *Amador*, we squarely rejected theories underlying four of NCIP's six claims.  First, we upheld the validity of the 2012 ROD, observing (1) that Ione Band "is a recognized Indian Tribe" and that "[DOI] did not err in concluding that the Band is eligible to have land taken into trust on its behalf," 872 F.3d at 1028, and (2) that DOI did not err in allowing tribal gaming on such lands.  *Id.* at 1031. Second, we held that a tribe did not need to be federally recognized in 1934 in order to be "under Federal jurisdiction" for purposes of the Indian Reorganization Act, 25 U.S.C. § 5129, *id.* at 1028.  Third, while the *Amador* panel did not explicitly opine on whether Ione Band was required to seek recognition under "Part 83" regulations, 25 C.F.R. §§ 83.1–12, the panel's holding directly contradicts NCIP's claims that such recognition is a prerequisite for tribes to obtain statutory benefits.

2.  We reject NCIP's second claim, which contends that the 2012 ROD violated the Appointments Clause because it was approved by an Acting Assistant Secretary of Indian Affairs who was not nominated by the president and confirmed

by the senate.  Assuming without deciding that the Assistant Secretary *as a permanent position* is a Principal Officer, the *Acting* Assistant Secretary remained an Inferior Officer because he was charged "with the performance of the duty of the superior for a limited time and under special temporary conditions."  *United States v. Eaton*, 169 U.S. 331, 343 (1898); *see also Morrison v. Olson*, 487 U.S. 654, 672 (1988) (restating *Eaton*'s holding).

3.  NCIP has waived consideration of the two constitutional claims (Claims Five and Six) it attempts to raise on appeal.  In proceedings before the district court, NCIP alleged that the government's 2012 ROD and 2018 approval of Ione Band's tribal gaming ordinance violated the Equal Protection Clause of the Fifth Amendment and the Tenth Amendment.   On appeal, NCIP raises identical arguments, but refashion those claims into *Bivens* claims—oddly suing individual defendants in their personal capacities, yet seeking injunctive relief to rescind actions taken in defendants' official capacities.  *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  NCIP's *Bivens* action is "newly minted" on appeal and therefore waived.  *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (deeming causes of action waived because party failed to argue them in the proceedings below).  Accordingly, we need not address the merits of NCIP's remaining two claims**.**

**AFFIRMED.**

5